IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| EMMANUEL SMITH, | ) | NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| TACOPOCALYPSE, LLC, | ) | COMPLAINT FOR INJUNCTIVE |
| | ) | AND DECLARATORY RELIEF |
| Defendant. | ) | |

COMES NOW Plaintiff, Emmanuel Smith, by and through his undersigned counsel, brings this action against the Defendant, Tacopocalypse, LLC ("Tacopocalypse"), an Iowa domestic limited liability company, for violation of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and its implementing regulations.

## INTRODUCTION

1. Plaintiff is an individual with a disability. He brings a civil rights action against the Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by individuals with disabilities. The restaurant, Tacopocalypse, located at 407 East 5th Street, Des Moines, IA 50309, a place of public accommodation within the meaning of the ADA, has failed to remove barriers preventing or limiting entry and full and equal use of the restaurant facilities to individuals with a disability, like the Plaintiff, notwithstanding such modifications are readily achievable.

2. The failure of Defendant to provide equal access to its restaurant violates the mandate of the ADA to provide "full and equal enjoyment" of a public accommodation's goods, services, facilities, privileges and advantages. It is critical to remedy such violations in order to

preserve the statutory goal of the ADA providing individuals with disabilities the same access taken for granted by others.

3. The Defendant's conduct constitutes an ongoing and continuous violation of the law. The Defendant has been given advance notice its facility contains accessibility barriers through a letter sent on May 23, 2014 and ongoing communications with the owner, Sam Auen, prior to the initiation of this suit. Despite being given notice and expressing the intent to put in a concrete ramp, the Defendant has failed to take any significant steps, other than symbolic, to remedy the discriminatory barriers at its facility.

4. Accordingly, Plaintiff seeks a declaration that the Defendant's facility violated federal law and an injunction requiring the Defendant to make reasonable modification to the facility in compliance with the ADA requirements, so it is fully accessible to and independently usable by individuals with disabilities. Plaintiff further requests the Court retain jurisdiction over this matter for a period to be determined to ensure the Defendant becomes compliant with the relevant ADA requirements for public accommodations and establish that the Defendant has adopted measures to ensure it remains in compliance with the law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. § 1343. Plaintiff's federal claims are made pursuant to Title III of the ADA, 42 U.S.C. §§ 12181-12189. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper under 28 U.S.C. § 1391(b) as all of the events and omissions complained of below occurred in this district.

## PARTIES

7. Plaintiff, Emmanuel Smith, at all times relevant hereto is a resident of the city of West Des Moines, in the State of Iowa and is employed in the city of Des Moines in the East Village. Plaintiff suffers from and at all times has suffered from a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is a member of a protected class under the ADA and the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq.*

8. Mr. Smith has Osteogenesis Type III-Brittle Bones which causes chronic pain, fatigue, severe scoliosis and a high risk for broken bones. He uses a motorized wheelchair for mobility in every facet of his daily life. As an individual with a disability, he has a personal interest in having full and equal access to places of public accommodations and to the goods, services, facilities, privileges, advantages or other accommodations offered therein.

9. Defendant, Tacopocalypse, is a domestic limited liability company authorized to do business in the State of Iowa and is the owner, lessor or operator of the restaurant facility located at 407 East 5th Street, Des Moines, IA 50309. Tacopocalypse is a "public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar and other establishment serving food or drinks." 42 U.S.C. §§ 12181(7)(B), 12181(a); and 28 C.F.R. § 36.104.

## THE ADA AND ITS IMPLMENTING REGULATIONS

10. This is an action for declaratory and injunctive relief against Tacopocalypse for violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* (the "ADA"), which prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of

3

public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

11. Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable to, individuals with disabilities. 42 U.S.C. § 12181-89.

12. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") published federal regulations implementing the requirements of Title III of the ADA—called the ADA Standards for Accessible Design—on July 26, 1991 (the "1991 Standards") codified at 28 C.F.R. Part 36.

13. On September 15, 2010, the DOJ published revised accessibility standards called the 2010 ADA Standards for Accessible Design ("2010 Standards"). The 2010 Standards included the 2004 ADAAG (ADA Accessibility Guidelines) and the requirements within subpart D of 28 C.F.R. Part 36. The 2010 Standards became effective on March 15, 2011.

14. DOJ's accessibility standards set the minimum requirements for newly designed and constructed or altered public accommodations and commercial facilities to be readily accessible to and usable by individuals with disabilities. Specifically, any construction or alteration of public accommodations or commercial facilities occurring after January 26, 1992, must fully comply with the 1991 Standards, while any construction or alterations occurring after March 15, 2012 must fully comply with the 2010 Standards. (28 CFR part 36, subpart D).

15. Regardless when the public accommodation was constructed or altered, Title III of the ADA also requires owners, lessors, or operators to make reasonable modifications in policies, practices, or procedures when necessary to afford equal enjoyment of services to

individuals with disabilities, and requires the removal of barriers to access when modifications are readily achievable. If barrier removal is not readily achievable, Title III of the ADA requires that the entity provide reasonable alternatives to barrier removal.

## FACTUAL BACKGROUND AND INDIVIDUAL ALLEGATIONS

16. Tacopocalypse began operating at its current location on or about June of 2014.

17. Plaintiff has attempted to access Tacopocalypse on many occasions since its opening in 2014, but has been unsuccessful to do so independently on a full and equal basis because of his disability, due to the physical barriers to access, and the ADA violation(s) that exists at the Tacopocalypse facility.

18. The only way for Plaintiff to obtain food from the restaurant is by placing an order from Tacopocalypse by telephone and then wait outdoors, weather permitting, of the restaurant to either flag an employee down or again telephone once he is outdoors to pick up the food order.

19. On or about June 9, 2015, Plaintiff again visited Tacopocalypse approximately 6.7 miles from his place of residence and 0.38 miles from his place of employment.

20. Plaintiff cannot enter Tacopocalypse, as both entrances are inaccessible due to the significant change in level at an entrance threshold, a significant step at the other entrance and the lack of a ramp. Plaintiff verified the absence of an accessible entrance to Tacopocalypse.

21. Further ADA violations may be present inside Tacopocalypse, but cannot be verified or affirmatively pled by Plaintiff at this time due to his inability to enter the restaurant at all because it lacks any accessible entrances.

22. Tacopocalypse is a place of public accommodation within the meaning of the ADA and is required to be in compliance with the ADA and its implementing standards.

23. As a result of the Defendant's non-compliance with the ADA, Plaintiff, unlike individuals without disabilities, cannot independently access the facility and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

24. Defendant (lessee/operator) has discriminated against Plaintiff by failing to comply with the requirements of the ADA and the 2010 Standards with regards to the restaurant Tacopocalypse. A specific though not exclusive list of unlawful physical barriers and ADA violations present at Tacopocalypse, limits Plaintiff's ability to access the facility and/or enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. There is not an accessible entrance to Tacopocalypse, violating § 206.4 and § 404 of the 2010 Standards. One entrance threshold has a change in level greater than ½ inch, but is not ramped, in violation of 2010 Standards §§ 303 and 404.2.5. The second entrance door has a step greater than 4 inches.

   b. There is not an accessible route throughout the site and facilities, in violation of 2010 Standards §§ 206.1 and 206.2.

24. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at Tacopocalypse.

25. Due to lack of an accessible entrance to Tacopocalypse, Plaintiff is, presently, unable to identify all barriers or violations that may exist on the premise and would impact his ability to access the facility and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis. Therefore, in order to fully remedy the

discriminatory conditions, Plaintiff requires an inspection of Tacopocalypse, to document and discover all barriers to access and violating the ADA and 2010 Standards.

26. Compliance with the ADA and the 2010 Standards are readily achievable by Defendant due to the lack of difficultly and low cost of remedying the above-listed barriers. Many of the above-listed violations can be remedied through the same measures prescribed by federal regulations as examples of modifications that are "readily achievable," including, but not limited to installing ramps and widening doors. 28 C.F.R. § 36.304(b).

27. Compliance is readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows Disabled Access Tax Credit for small businesses with 30 or fewer full-time employees or with total revenues of $1 million or less, is intended to offset the cost of barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers—up to $15,000. *See* ADA Updated: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.pdf.

28. As an individual with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

29. Plaintiff intends to visit Tacopocalypse again in the near future both to assess whether the restaurant remains noncompliant with the ADA and to attempt to patronize the restaurant on full, equal, and independent basis as it one of the restaurants available near his employment. Tacopocalypse is approximately 6.7 miles from his place of residence and 0.38 miles from his place of employment.

30. Without injunctive relief, Defendant's failure to remove architectural barriers will continue to cause injury to Plaintiff and others alike, who will continue to be unable to independently access Tacopocalypse and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered on a full and equal basis, violating their rights under the ADA.

## CAUSES OF ACTION

## COUNT I—VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

31. Plaintiff incorporates and re-alleges the above paragraphs.

32. Title III of the ADA provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

33. Defendant has discriminated against Plaintiff and others alike due to its failure to make Tacopocalypse fully accessible to individuals with disabilities, which denies such individuals full and equal access to the restaurant and/or the opportunity to participate in or benefit from its goods, services, facility, privileges, advantages or accommodations on a full and equal basis. 42 U.S.C. § 12182(a).

34. Defendant has failed to take any significant steps, other than symbolic, in remedying its discriminatory conduct; despite being on notice the restaurant contains architectural barriers since its conception in 2014. This has been an ongoing violation of the ADA and 2010 Standards.

35. Defendant has failed to remove the architectural barriers, denying access to Plaintiff and individuals alike, even though compliance would have been readily achievable.

Removal of the architectural barriers would neither fundamentally change the nature of the business nor result in an undue burden upon Defendant.

36. Plaintiff plans to visit Tacopocalypse in the immediate future. He has suffered and is suffering irreparable harm and reasonably anticipates he will continue to be subject to irreparable harm when he returns to Tacopocalypse unless Defendant is required to remove the architectural barriers denying access and other ADA violations at its place of public accommodations, including, but not limited to those listed herein.

37. Under 42 U.S.C. § 12188(a)(2), the Court has authority to grant Plaintiff's injunctive relief, including an order requiring Defendant to make Tacopocalypse readily accessible to and independently usable by individuals with disabilities required by the ADA and ADAAG, and/or to close Tacopocalypse until such time as Defendant cures its access barriers.

38. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorney's fess, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## REQUESTS FOR RELIEF

WHEREFORE, Mr. Smith respectfully requests that this Court:

1. Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that Defendant's actions and failure to act violates Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*, and the relevant implementing regulations including the 2010 Standards.

2. Enter permanent injunctive relief, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), requiring Defendant cease all discriminatory actions; including an order directing Defendant to make all readily achievable alterations to its facility by removing architectural access barriers and ensuring its facility is fully accessible to and independently

usable by individuals with disabilities required by the ADA; and including an order requiring Defendant make all reasonable modifications in polices, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

3. Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the ADA.

4. Award Disability Rights Iowa its costs and reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1988, 12205, 12117; and 28 C.F.R. § 36.505.

5. Order such other, further, or different relief as the Court deems equitable and just.

DATED: this 18 day of September, 2015.

Respectfully submitted,

*Cynthia Miller*
Cynthia A. Miller
DISABILITY RIGHTS IOWA
400 East Court Avenue Suite 300
Des Moines, Iowa 50309
Tele: (515) 278-2502
Fax: (515) 278-0539
Email: cmiller@driowa.org
ATTORNEY FOR PLAINTIFF